# EXHIBIT 1

# Defendants' Cross-Motion for Summary Judgment

*Samma v. Esper, 20-cv-1104 (D.D.C.)*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGE SAMMA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-cv-01104 |
| ) | The Honorable Ellen Segal Huvelle |
| UNITED STATES DEPARTMENT OF ) | |
| DEFENSE and MARK ESPER, in his ) | |
| official capacity as Secretary of Defense, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DECLARATION OF STEPHANIE MILLER

I, Stephanie P. Miller, do hereby declare as follows:

1.      I am currently the Director, Accession Policy Directorate, in the Office of the Under Secretary of Defense for Personnel and Readiness ("USD(P&R)"), Department of Defense ("DoD"), in Washington, D.C.  In this capacity, I have oversight for developing, reviewing, and analyzing policies, resource levels, and budgets for enlisted recruiting and officer-commissioning programs.  My duties include oversight of the implementation of the Military Accessions Vital to the National Interest (MAVNI) pilot program, as well as policies and programs relating to the overall recruitment and accession of both officers and enlisted Service members, including the recruitment of Lawful Permanent Residents ("LPRs").  In this capacity, I had direct oversight of the development and implementation of three distinct but related memoranda released on October 13, 2017, regarding management of the MAVNI pilot program, pre-accession security and suitability screening of LPRs, and certification of honorable service for the purpose of supporting Service member applications for naturalization under 8 U.S.C. § 1440(a).  I also had direct oversight in the development and implementation of the

April 24, 2020 update to the October 13, 2017 memoranda regarding certification of honorable service.

2. I make this declaration in support of the Defendants' Cross-Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment. Specifically, I make this declaration to explain the basis for the time-in-service requirements and the requirement that an official certifying honorable service on an N-426 form hold a grade of O-6 or above. Because DoD developed these policies largely through oral briefings and oral group discussions, DoD does not have a large volume of written materials documenting its decision-making process. Moreover, a significant portion of written materials that do exist are protected by the deliberative process and/or attorney-client privileges, including email discussions and written comments on and proposed line edits to drafts of the final policies. This declaration is accordingly intended to explain the connection between the final policies challenged by Plaintiffs and the documents in the Administrative Record, to the extent that explanation may not be evident on the face of the documents themselves

3. The MAVNI program is a pilot program created in 2008. As a pilot program, it is subject to periodic reauthorization, typically every two years. During the reauthorization process, DoD has typically conducted a general review of the program and issued additional guidance to the extent necessary. *See, e.g.*, SAMMA_0114-140. Although the focus of these reviews has largely been on the security screening protocols used for Service members who enlist via the MAVNI program, *see, e.g.*, SAMMA_ 0125-140, DoD has issued guidance on other aspects of the program as part of the reauthorization process. For example, DoD has addressed eligibility criteria and the maximum number of MAVNI Service members allotted to each Service in reauthorization memos. *See* SAMMA_0123, 130. Although LPRs are not part

of the MAVNI program, DoD considers the information obtained during reviews of the MAVNI program when developing policies that apply to LPR Service members due to, among other reasons, the similarity in risk factors presented by both populations.  *See* SAMMA_0015.

### **2016 and 2017 Reviews of Service Members Who Wish to Naturalize**

4.	In May 2016, representatives from DoD and the Department of the Army conducted a comprehensive review of the MAVNI program.  *See* SAMMA_0051-52.  As with prior program reviews, the 2016 review revealed multiple problems with the program, including implementation and administrative accounting, pre-accession criminal activity, and counter-intelligence and security concerns.  *Id*.  A subsequent investigation by DoD's Office of Inspector General corroborated DoD's findings.  *See* SAMMA_0019.  DoD on September 30, 2016 issued a memorandum extending the MAVNI program for one year and imposing new security screening requirements designed to address security concerns about which DoD had become aware through its program reviews.  *See* SAMMA_0114-122.  Given the security concerns, however, DoD suspended its acceptance of new applicants into the MAVNI program but continued to process those recruits who had already enlisted but who had not yet completed security screening and proceeded to initial military training.  *See* SAMMA_0019.

5.	DoD continued to review the MAVNI pilot program in 2017.  Between March and August 2017, I, along with other officials in USD(P&R) reviewed more than 700 certified N-426s that were issued in 2016 and 2017.  Our review of these materials caused us to note the relatively low level of the certifying official and the apparent lack of any consistent standard governing what grade that should be.  In many instances, the officials signing the forms held the grades of sergeant, 1st lieutenant, 2nd lieutenant, or major.  Because these grades are generally not sufficiently senior to sign performance appraisals in the military and given the general lack

of guidance to the Services on this issue, we saw a need to develop a standard policy for the appropriate grade. A sample of the certified N-426 forms reviewed by USD(P&R) has been included in the Administrative Record. *See* SAMMA_0169-210.

6. Also in 2017, DoD conducted a study of LPRs who obtain citizenship via military service. This study was commissioned by Security and Policy Oversight Directorate within the Office of the Under Secretary of Defense for Intelligence, and it was carried out by the Defense Personnel and Security Research Center. The study focused on gaps in the LPR vetting procedures that existed at the time. *See* SAMMA_0039-40.

7. In July 2017, officials from USD(P&R), the Navy, the Air Force, and the Army met to discuss policy changes for the security screening and honorable service certification of Service members who are not U.S. citizens. Among the issues discussed at that meeting were developing a policy to require that such members serve for a defined period of time before DoD makes an honorable service determination. Officials from the Department of the Army provided written feedback and comments on the issues that were discussed at this meeting. That written feedback has been included in the Administrative Record. *See* SAMMA_0041-42.

## The October 13, 2017 Policies

8. On October 13, 2017, the Official Performing the Duties of the Under Secretary of Defense for P&R issued a policy providing formal guidance for non-U.S. citizen Service members who seek honorable service certification pursuant to 8 U.S.C. § 1440, which set forth the time-in-service and O-6 certification requirements that are being challenged in this case. *See* SAMMA_0006-09. With respect to the time-in-service requirements, USD(P&R) intended to make the requirement for obtaining honorable service certification align with the standard that is used for entry-level separations and is generally applicable to all Service members, regardless of

citizenship. *See* SAMMA_0083-91. USD(P&R) specifically relied on Department of Defense Instruction 1332.14 to ensure that there is consistency across the Department for characterizing a member's service, particularly where the member has served for a relatively short period of time. With respect to the O-6 requirement, USD(P&R) intended to ensure that a sufficiently senior official was making the honorable service determination. The grade of O-6 is assigned to colonels in the Army, Air Force, and Marine Corp, and to captains in the navy and the Coast Guard. *See* 10 U.S.C. § 741. Among other responsibilities, officers who hold a grade of O-6 or higher are able to convene special courts-martials, *see* 10 U.S.C. § 823, and they are generally considered to be elite military officers, *see* SAMMA_0142.

9. In December 2019, Congress passed Public Law 116-92, which is the National Defense Authorization Act for Fiscal Year 2020 ("2020 NDAA"). Section 526 of that Act is entitled "Time Requirements for Certification of Honorable Service." It states in full that "The Secretary of Defense shall publish regulations for submission and processing of a completed United States Citizenship and Immigration Services Form N-426, by a member of the Armed Forces. Such regulations shall designate the appropriate level for the certifying officer as well as establish time requirements for the form to be returned to the member of the Armed Forces."

10. Consistent with § 526 of the 2020 NDAA, on April 24, 2020, USD(P&R) issued a memorandum updating the October 13, 2017 policy regarding honorable service, leaving in place the requirement that the certifying official be an O-6 grade or higher. *See* SAMMA_0001-05. In keeping this policy the same, USD(P&R) was aware that the House bill for the 2020 NDAA specifically proposed that the certifying official be in the grade of O-6 or higher. *See* 2020 NDAA, Report of the Committee on Armed Services House of Representatives, Report 116-120 § 526, Time Requirements for Certification of Honorable Service (June 19, 2019). USD(P&R)

was also aware that this Court had affirmed the O-6 requirement in the context of issuing a preliminary injunction in *Kirwa v. U.S. Department of Defense*, 17-cv-1793 (D.D.C.). *See* Am. Order, ECF No. 32.

Pursuant to 28 U.S.C. § 1746(2), I declare under the penalty of perjury that the foregoing is true and correct.

Executed on __May 22, 2020__

MILLER.STEPHANIE.P.1071902907
Digitally signed by MILLER.STEPHANIE.P.1071902907
Date: 2020.05.22 17:22:40 -04'00'

STEPHANIE P. MILLER