## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANGE SAMMA, et al., )<br><br>Plaintiffs, )<br><br>v. )<br><br>UNITED STATES DEPARTMENT OF )<br>DEFENSE and MARK ESPER, in his )<br>official capacity as Secretary of Defense, )<br><br>Defendants. ) | Civil Action No. 1:20-cv-01104-ESH<br>The Honorable Ellen Segal Huvelle |

### DEFENDANTS' SUPPLEMENTAL BRIEF IN RESPONSE TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

Pursuant to the Court's June 27, 2020 Order, *see* ECF No. 30, Defendants hereby provide the following information in response to the Court's questions:

*1. For LPRs, what were the security screening requirements that were in place between the time of the issuance of the injunction in Kuang (in November 2018) and the issuance of the July 30, 2019 DTM establishing the ESP? Were they the same for LPR Reservists and LPRs in Active Components?*

In November 2018, DoD suspended the requirement that LPRs have a favorable MSSD in order to ship to basic training, and on July 30, 2019 DoD issued a Directive-type Memorandum that (1) holds the October 13, 2017 memo at issue in *Kuang* in abeyance and (2) require LPRs to instead complete Expedited Screening Protocol prior to shipping to basic. Between that time, LPRs were required to have completed the Standard Form (SF) 86 and to have a Tier 3 investigation initiated. For those LPRs in the Army, they were also required to be subject to a National Intelligence Agency Check ("NIAC"), which is a passive check of various intelligence agencies' databases. These requirements were the same for LPR reservists and those on active-duty.

*2. For all plaintiffs except Lee, what security screening was completed before each went to basic (MSSD, ESP or something else)?*

Seven of the eight Plaintiffs in this case have shipped to basic training.  The screening protocols that each completed (except for Plaintiff Lee) are as follows:

- Samma (active-duty Army):  completed SF-86, Tier 3 investigation opened, NIAC

- Bouomo (active-duty Army):  completed SF-86, Tier 3 investigation opened, NIAC

- Isiaka (Army reserves): completed SF-86, Tier 3 investigation opened, NIAC; individual has not shipped to basic training[1]

- Perez (active-duty Army):  favorable MSSD received on November 29, 2018

- Park (active-duty Army):  completed SF-86, Tier 3 investigation opened, NIAC

- Gunawan (active-duty Navy):  completed SF-86, Tier 3 investigation opened, and submitted for ESP screening[2]

- Machado (active-duty Air Force):  completed SF-86, Tier 3 investigation opened, and completed favorable ESP screening prior to shipping to training

*3. What were the shipping dates for plaintiffs Gunawan, and Machado?  When will each have served 180 days?*

Plaintiff Gunawan arrived at basic training on February 10, 2020 and will have served 180 days on August 8, 2020.  Plaintiff Machado arrived at basic training on January 14, 2020 and will have served 180 days on July 12, 2020.

*4. What is the current ship date for plaintiff Isiaka?*

The current ship date for Plaintiff Isiaka to attend basic training is August 3, 2020.

---

[1] Plaintiff Isiaka is scheduled to ship for basic training and schedule to undergo ESP screening; however, because DOD remains under Phase I of the ESP DTM, Plaintiff Isiaka will be permitted to ship to basic training regardless of whether ESP screening has been completed.

[2] Under Phase I of the ESP DTM, recruits are permitted to ship to training prior to completion of ESP screening.

*5. If the July 30, 2019 Policy is changed as of July 30, 2020, will the plaintiffs who have not yet received N-426s (Isiaka, Gunawan, and Machado) still be exempt from needing a favorable MSSD in order to obtain a certified N-426?*

Based on conversations with counsel for the Army and counsel and an official from DoD, undersigned counsel understands that DoD does not intend to impose the MSSD requirement after July 30, 2020.  Regardless, undersigned counsel's understanding is that the three Plaintiff who have received certified N-426s will not need favorable MSSDs in order to obtain a certified N-426.

*6. With respect to Section I of the 10/13/2017 N-426 Policy, for a LPR reservist, how does DOD define the one-year requirement?  Does it include drilling time?  Can it be six months of drilling time and six months of basic and AIT?*

The one-year requirement begins when a reservist begins accruing creditable service toward non-regular retirement as defined in DoDI 1215.07.  For the purposes of Section I, this time includes drilling time, so long as the reservist has met the statutory requirements under 10 U.S.C. § 10147 to complete one year in active status in the Reserves, which includes some active duty training time.

*7. What is the approximate number of LPR Reservists who do not have an N-426 because of any of the requirements in Section I of the 10/13/2017 N-426 Policy? How many are still in DTP?*

DoD and the Military Services do not have centralized tracking capability for a locally generated form that is submitted by individual service members to USCIS.  Defendants can represent that, since July 1, 2019:

- Approximately 1,152 LPRs have enlisted in the Army Reserves in the DTP;

- Approximately 173 LPRs have enlisted in the Air Force Reserves in the DTP, and approximately 73 are awaiting to ship to basic training;

3

- Approximately 238 LPRs have enlisted in the Navy Reserves in the DEP[3], and approximately 92 are awaiting to be shipped to basic training;

- Approximately 264 LPRs have enlisted in the Marine Reserves, and approximately 119 are awaiting to ship to basic training.

*8. With respect to Section I of the 10/13/2017 N-426 Policy, is the relevant date for LPR Reservists the date of enlistment or the date of accession to basic training?  How is accession defined?*

The relevant date for LPR reservists for purposes of Section I of the policy is the date on which the service member gained entry into the services.  For those services that, like the Army, have a Delayed Training Program ("DTP"), the relevant date is when the service member first began drilling.  For those services that, like the Navy and Marine Corps, do not have a DTP, the relevant date is when the service member shipped to basic training.  "Accession" for purposes of the challenges policy memo in this case refers to when the service member gained into the service, either by attending drill or shipping to basic training.

*9. What is the approximate number of MAVNIs in an Active Component who have shipped to basic but who do not have an N-426 because of any of the requirements in Section I of the 10/13/2017 N-426 Policy?*

The Army does not know how many active-duty MAVNIs have shipped to basic training but do not yet have a certified N-426 because the Army does not track which soldiers receive N-426 certification aside from its obligations in *Kirwa v. Department of Defense*.  The Army believes this number to be very small because DoD ceased enlisting MAVNI service members on September 2016.  *See* SAMMA_0019.  Since January 2, 2020, the Army is aware of two MAVNIs who enlisted for active-duty service and have shipped to basic training.

* * * * * * * *

---

[3] Neither the Marine Corps nor the U.S. Navy utilize the DTP and thus LPR reservists in these services are enlisted into the DEP and not permitted to drill prior to shipping to basic training.

Also pursuant to the Court's Order, Defendants submit with this filing a copy of a November 30, 2018 Memorandum for Secretaries of the Military Departments suspending the October 13, 2017 policy memo requiring LPRs to have a favorable MSSD prior to shipping to basic training.

Dated: June 30, 2020                Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Branch Director
Federal Programs Branch

*/s/ Nathan M. Swinton*
NATHAN M. SWINTON
Senior Trial Counsel
LIAM HOLLAND
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Room 12022
Washington, DC 20530
Tel: (202) 305-7667
Fax: (202) 616-8470
Email: Nathan.M.Swinton@usdoj.gov

*Attorneys for Defendants*