IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGE SAMMA *et al.*, on behalf of themselves and others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE *et al.*,<br><br>*Defendants.* | No. 1:20-cv-01104-ESH |

## NOTICE REGARDING PLAINTIFF AHMAD ISIAKA

Plaintiffs file this notice to inform the Court that Plaintiff Ahmad Isiaka, a Lawful Permanent Resident ("LPR") who serves in the Selected Reserve of the U.S. Army Reserve, received a certified N-426 on July 21, 2020. He has submitted this form, along with his naturalization application, to United States Citizenship and Immigration Services ("USCIS") for processing. Mr. Isiaka's N-426 certification is contrary to the October 13, 2017 N-426 Policy because he has not yet satisfied the minimum service duration or active duty requirements. *See* SAMMA_0003. He has not completed at least one year of satisfactory service towards non-regular retirement in accordance with DoD Instruction 1215.07 and he will not ship to basic training until August 3, 2020.[1]

Whether this is an effort by Defendants to moot Plaintiff Isiaka's claim or merely an unauthorized action by a local commander, contrary to the challenged N-426 Policy, it should not affect this Court's consideration of Plaintiffs' motion for class certification. As Plaintiffs

---

[1] Plaintiff Isiaka started drilling with his unit in February 2020. *See* Am. Compl. ¶ 106.

explained in prior briefing, this Court can relate the class certification motion back to the filing of the complaint, when Plaintiff Isiaka's claims were live. *See* Pls.' Reply Mem. in Supp. of Mot. for Class Certification, ECF No. 26, at 3–5. Relation back is appropriate here because Plaintiffs' claims are "inherently transitory," and, as Plaintiff Isiaka's situation—as well as that of Plaintiffs Park, Perez, Bouomo, Samma, and Lee—demonstrates, it is "by no means certain that an individual claim will persist long enough for [the Court] to adjudicate class certification." *J.D. v. Azar*, 925 F.3d 1291, 1310 (D.C. Cir. 2019) (quotations and citations omitted). Further, some class members will undoubtedly retain live claims throughout the proceedings. *See id.* There are currently more than one thousand service members who comprise the proposed subclass of LPR Selected Reservists, *see* Defs.' Suppl. Br. in Resp. to Pls.' Mot. for Class. Certification, ECF No. 31, at 3–4, and thousands of LPRs enlist in the military every year, *see* SAMMA_0019; SAMMA_0023 n.2, ensuring that some class members will have a "continuing live interest" while the case is adjudicated. *Azar*, 925 F.3d at 1310. In light of the above, this Court should relate Plaintiff Isiaka's claims back to the complaint and proceed to certify a subclass of all individuals who: (1) are LPRs serving in the Selected Reserve of the Ready Reserve and (2) have requested but not received a certified N-426.

Dated: July 24, 2020

Respectfully submitted,

/s/ *Noor Zafar*
Noor Zafar*

Jennifer Pasquarella
Michelle (Minju) Cho
American Civil Liberties Union Foundation
  of Southern California
1313 West 8th Street
Los Angeles, CA 90017
(213) 977-5236
jpasquarella@aclusocal.org
mcho@aclusocal.org

Scarlet Kim (D.D.C. Bar No. NY0329)
Jonathan Hafetz (D.D.C. Bar No. NY0251)
Brett Max Kaufman (D.D.C. Bar. No. NY0224)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
nzafar@aclu.org

1

scarletk@aclu.org
jhafetz@aclu.org
bkaufman@aclu.org

Arthur B. Spitzer (D.D.C. Bar No. 235960)
American Civil Liberties Union Foundation
　of the District of Columbia
915 15th Street, NW, 2nd Floor
Washington, DC 20005
(202) 601-4266
aspitzer@acludc.org

*Admitted *pro hac vice*

*Counsel for Plaintiffs*