**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANGE SAMMA *et al.*, on behalf of themselves and others similarly situated, *Plaintiffs,* v. UNITED STATES DEPARTMENT OF DEFENSE *et al.*, *Defendants.* | No. 1:20-cv-01104-ESH |

**PLAINTIFFS' MEMORANDUM CLARIFYING THE
DECLARATION OF TIMOTIUS GUNAWAN**

Plaintiffs submit this memorandum to clarify the declaration of Timotius Gunawan (ECF No. 36-12). Mr. Gunawan is a conditional Lawful Permanent Resident ("LPR") who obtained a Two-Year Green Card in February 2019. His Green Card expires in February 2021. As a conditional LPR seeking naturalization pursuant to 8 U.S.C. § 1440, Mr. Gunawan is not required to file a petition to remove the conditions on his Two-Year Green Card prior to naturalization. *See USCIS Policy Manual* at Vol. 12, Part G, Ch. 5, Sec. C.1, U.S. Citizenship & Immigr. Servs. (last updated July 24, 2020), https://www.uscis.gov/policy-manual/volume-12-part-g-chapter-5. However, failure to file a petition to remove conditions before his Green Card expires will result in the termination of Mr. Gunawan's conditional LPR status and he will fall out of lawful immigration status until he is naturalized. During this interim period, U.S. Citizenship and Immigration Services ("USCIS") will refer him for removal proceedings. *See id.* at Sec. B.3 ("The [conditional LPR] status of an applicant [who fails to file a petition to remove conditions] is terminated and he or she *must* be placed in removal proceedings.") (emphasis

1

added). A certified N-426 will not protect Mr. Gunawan from adverse immigration consequences.

Plaintiffs rely on the current USCIS Policy Manual, the Declaration of Natalie Asher (ECF No. 4-19), and the Declaration of Margaret Stock (ECF No. 36-2), as the basis for their understanding that conditional LPRs such as Mr. Gunawan are subject to deportation, notwithstanding their military service, if they do not timely file a petition to adjust their status. Plaintiffs believe that this continues to be USCIS policy because it is reflected in the agency's Policy Manual, which is current as of July 24, 2020. *See generally USCIS Policy Manual*, U.S. Citizenship & Immigr. Servs. (last updated July 24, 2020), https://www.uscis.gov/policy-manual.

Dated: July 28, 2020

Respectfully submitted,

*/s/ Noor Zafar*

Jennifer Pasquarella
Michelle (Minju) Cho
American Civil Liberties Union Foundation
    of Southern California
1313 West 8th Street
Los Angeles, CA 90017
(213) 977-5236
jpasquarella@aclusocal.org
mcho@aclusocal.org

Noor Zafar*
Scarlet Kim (D.D.C. Bar No. NY0329)
Jonathan Hafetz (D.D.C. Bar No. NY0251)
Brett Max Kaufman (D.D.C. Bar. No. NY0224)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
nzafar@aclu.org
scarletk@aclu.org
jhafetz@aclu.org
bkaufman@aclu.org

Arthur B. Spitzer (D.D.C. Bar No. 235960)
American Civil Liberties Union Foundation
    of the District of Columbia
915 15th Street, NW, 2nd Floor
Washington, DC 20005
(202) 601-4266
aspitzer@acludc.org

*Admitted *pro hac vice*

*Counsel for Plaintiffs*