UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGE SAMMA *et al.*, on behalf of themselves and others similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE, *et al.*,<br><br>            Defendants. | No. 1:20-cv-01104-PLF |

**RESPONSE TO NOTICE OF RECENTLY ENACTED STATUTORY AUTHORITY**

On January 19, 2022, Defendants filed a Notice of Recently Enacted Statutory Authority, ECF No. 106, informing the Court that the National Defense Authorization Act for Fiscal Year 2022 requires (a) the military departments to issue regulations ensuring that non-citizen military recruits will receive notice of their naturalization options upon their enlistment, and (b) the Secretary of Homeland Security to provide non-citizen service members with notice of their naturalization options upon their separation from the Armed Forces. *See* Pub. L. 117-81 § 523.

Defendants do not even attempt to explain why those facts are relevant to Plaintiffs' pending motion for enforcement of the Court's permanent injunction, ECF No. 58—and they are not. There is no time limit within which the military departments must issue the required regulations; it could take a year, or three. And even after regulations are issued, and even if they are implemented with 100% efficiency, all that will be accomplished is that recruits will be told what their options for naturalization are. Their ability to actually become U.S. citizens will still depend upon whether their superiors in their chains of command take the necessary steps to

process the required documents properly and in a timely manner—exactly what the record in this case shows is not happening.

Defendants' suggestion that the Court may wish to call for "additional briefing on the impact of the NDAA on the pending motion," ECF No. 106 at 2, is therefore nothing but an effort to obtain further, pointless delay. On August 25, 2020, this Court issued its Order and Judgment. ECF No. 47. In September 2020, Plaintiffs began raising issues concerning Defendants' non-compliance. ECF No. 58, at 17. Since that time, Defendants have been on notice of the non-compliance incidents detailed in Plaintiffs' motion to enforce the Court's Order, which has been fully briefed and pending since November 1, 2021. Plaintiffs respectfully urge the Court to act on their pending motion.

January 20, 2022

Jennifer Pasquarella
American Civil Liberties Union Foundation
    of Southern California
1313 West 8th Street
Los Angeles, CA 90017
(213) 977-5236
jpasquarella@aclusocal.org

Respectfully submitted,

/s/ *Scarlet Kim*
Scarlet Kim (D.D.C. Bar No. NY0329)
Sana Mayat*
Brett Max Kaufman (D.D.C. Bar. No. NY0224)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
scarletk@aclu.org
smayat@aclu.org
bkaufman@aclu.org

Arthur B. Spitzer (D.D.C. Bar No. 235960)
American Civil Liberties Union Foundation
    of the District of Columbia
915 15th Street, NW, 2nd Floor
Washington, DC 20005
(202) 601-4266
aspitzer@acludc.org

*Admitted *pro hac vice*

*Counsel for Plaintiffs*